The endorser of a promissory note, with power to make such use and disposition of it, as she thinks proper, as long as she remains bound as the payee's surety, is not bound to admit every plea which could be opposed to the payee.

*KING vs. GAYOSO, USE OF STILLE.*

APPEAL from the court of the third district, the judge of the second presiding.

MARTIN, J. delivered the opinion of the court. The defendant, having obtained a writ of seizure and sale, on an authentic act, executed by the plaintiff, the latter obtained an injunction and prayed for a jury. The prayer was opposed. The opposition sustained; and the cause tried summarily. The injunction was dissolved, and the plaintiff appealed.

By the Code of Practice, cases on injunctions are directed to be tried summarily, and without a jury. *Art.* 740 & 757.

The plaintiff and appellant, purchaser of a tract of land from Gayoso, had given for the price a note, the payment of which was secured by a mortgage. Gayoso endorsed the note to Stille, and by a notarial act, made a transfer of it and of the mortgage, in order to secure her against the consequences of a suretyship, on which she had entered for him.

Her claim was resisted, on the ground, that she was not the absolute endorsee and actual owner of the note; but a mere pledgee, and consequently bound to admit any defence

which the maker of the note could oppose to the payee; and that the latter, in the sale of the land, for the payment of which the note was given, had been guilty of such a fraud and concealment, as authorised the withholding of the price.

The appellee's counsel has laboured to show, that the allegations of fraud and concealment are unsupported; but the case appears to us to turn on the liability of the endorsee to admit every defence, which might be opposed to the maker.

The note was endorsed, before maturity, and in the usual form, it was negociable, and the act of transfer has a clause, setting over to the transferee all the payee's hypothecary rights, and the transfer is stated to be made in consequence of the transferee having become surety of the transferor, and it is added, "that the said Margaret C. C. Stille, is hereby authorised, fully to make such use and disposition of the note and mortgage, as she thinks proper, as long as she remains the surety of Gayoso, as aforesaid; and that, as soon as she is released and discharged from said suretyship, she is to return said note to Gayoso, or, in case she has disposed of it, in any manner

KING
*vs.*
GAYOSO.

whatsoever, she is to account to said Gayoso, for the full and entire value of the same."

So the endorser has a defeasible owner-ship in the note; for, she may dispose of it, *in any manner whatsoever*, and is only account-able for its amount, on the contingency of her being released from the suretyship.

But the appellant's counsel urges, that she is still a mere pledgee, yet with power to dispose of the pledge; and under the Code, 3123, the destruction of the pledge, by the insolvency of the maker, would not be her loss, but that of the pledgor, who con-sequently remains the owner; *res perit do-mino*, and the pledgee cannot have a better right than the pledgor, and consequently the maker can oppose, to the endorsee, every plea which he could oppose to the payee.

This argument appears inconclusive; for, even in the case of an absolute endorsement, on the destruction of the pledge, by the in-solvency of the maker of the note, the loss would fall on the endorsee, and not on the endorser.

We were further referred to the same Code, 3109, where it is said that, in regard to those things in which the pledgor has a

property, which may be divested, or which is subject to incumbrances, he cannot transfer to the pledgee any further right in the pledge than he has himself.

This is true, under the general principle, *non dat, qui non habet. Nemo plus juris in alium transferre potest, et quam ipse habet*: but there are exceptions to it. The robber of the mail has no legal right to bank notes taken out of it, yet, by passing them in the regular course of business, he transfers to an innocent holder a right, which he has not; and the payee of a note, to whom, were he to sue, the plea of want of consideration, concealment and compensation, could be opposed, transfers to an honest endorsee, the right of resisting those pleas.

It is a general principle of commercial law, that the maker of a note, payable to order, engages to pay its amount to the innocent endorsee who took it in the usual course of business, for a valuable consideration, whatever claim the maker may have against the payee, and we are ignorant of any exception to the rule, in favour of a pledgee.—Promissory notes are expressly made the subject of the contract of pledge. *id*. 3123.

To pledge a note, is, therefore, to make a legitimate use of it. In the usual course of business, notes and bills of exchange are used to pay debts, make purchases or raise money by discount or pledge. He, therefore, who gives a bill or note, authorises the use of it for any of those purposes and must know, by such a disposal of it, the payee will enable the endorsee to repel any clause of the maker, on the score of want of consideration, concealment, or compensation. *Volenti non fit injuria.*

In the case of *Bosanquet* & *al. vs. Dudmans, Starkie* 1*st part*, Lord Ellenborough held, that a banker might resort to bills *deposited* with him by a customer, who had overdrawn, and that the right of the former, on such bills, could be extinguished by payment only.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*McCaleb, Rameau* and *Ogden*, for the plaintiff; *Workman* for the defendant.